USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/18/2023

Form as of October 30, 2017

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CARLOS HERRERA, on behalf of himself and all
others similarly situated

_____
                                    Plaintiff(s),

        -against-

MAKE-UP ART COSMETICS, INC.

_____
                                    Defendant(s).

CIV. NO. 1:23-cv-05245
_____

**Joint Electronic Discovery**
**Submission No. 1___ and**
**Order**

One or more of the parties to this litigation have indicated they believe that
relevant information may exist or be stored in electronic format, and that this content is
potentially responsive to current or anticipated discovery requests.   This Joint
Submission and [Proposed] Order (and any subsequent ones) shall be the governing
document(s) by which the parties and the Court manage the electronic discovery
process in this action.   The parties and the Court recognize that this Joint Submission
and [Proposed] Order is based on facts and circumstances as they are currently known
to each party, that the electronic discovery process is iterative, and that additions and
modifications to this submission may become necessary as more information becomes
known to the parties.

1.   **Brief Joint Statement Describing the Action, [e.g., "Putative securities class action pertaining to the restatement of earnings for the period May 1, 2017 to May 30, 2017"]:**

Putative ADA class action pertaining to discrimination to visually impaired individuals by failure

to have websites with information capable of being rendered into text allowing screen reading

software to function and allow blind or visually impaired users access to the same content, goods

and services, as sighted users.

_____

_____

a.   **Estimated amount of Plaintiff(s)' Claims:**

☒  Monetary (absolute number or range):$_____
☒  Equitable Relief (if so, specify) _____
☐  Other (if so, specify) _____

b.   **Estimated amount of Defendant(s)' Counterclaim/Cross-Claims:**

☐  Monetary (absolute number or range):$_____
☐  Equitable Relief (if so, specify) _____
☐  Other (if so, specify) _____

2.   **Competence**.  Counsel certify that they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

3.   **Meet and Confer**.  Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference.  Counsel certify that they have met and conferred to discuss these issues.

Date(s) of parties' meet-and-confer conference(s):

July 10, 2023
_____

9993125v.1

4.      **Unresolved Issues**:   **The following issues concerning discovery of electronic information remain outstanding and/or require court intervention (check all that apply):**

☐ Preservation
☐ Search and Review
☐ Sources of Production
☐ Forms of Production
☐ Identification or Logging of Privileged Material
☐ Inadvertent Production of Privileged Material
☐ Cost Allocation
☐ Other  (specify): _____

5.      **Preservation.**

a.      **The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to: retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which data is maintained; identification of computer system(s); and identification of the individual(s) responsible for data preservation, etc.  To the extent the parties have reached agreement as to preservation of electronic information, provide details below:**

All documents relevant to this lawsuit, beginning in May 2021, especially those which
_____

may have a routine destruction/dump schedule, will be preserved.
_____

_____

_____

_____

_____

b.      **State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications:**

_____

_____

_____

3

9993125v.1

_____

_____

_____

    **c.**     **The parties anticipate the need for judicial intervention regarding the following issues concerning the duty to preserve, the scope, or the method(s) of preserving electronically stored Information:**

The parties do not anticipate the need for judicial intervention at this time.
_____

_____

_____

_____

_____

_____

**6.**     **Search and Review.**

    **a.**     **The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used.  Some of the approaches that may be considered include:  the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc. To the extent the parties have reached agreement as to search and review methods, provide details below:**

All documents relevant to this lawsuit, beginning in May 2021, shall be produced in PDF
_____

format via email or otherwise pursuant to agreement of the parties.
_____

_____

_____

_____

_____

4

      **b.**     **The parties anticipate the need for judicial intervention regarding the following issues concerning the search and review of electronically stored information:**

The parties do not anticipate the need for judicial intervention at this time or otherwise

pursuant to agreement of the parties.

_____

_____

_____

_____

**7.**     **Production.**

      **a.**     *Source(s) of Electronically Stored Information.*  **The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, etc.]:**

Plaintiff(s):

Electronic documents will be produced in pdf format through email.

_____

_____

_____

_____

_____

Defendant(s):

Electronic documents will be produced in pdf format through email  or otherwise

pursuant to agreement of the parties.

_____

_____

_____

_____

9993125v.1

    **b.**    *Limitations on Production.* **The parties have discussed factors relating to the scope of production, including but not limited to: (i) number of custodians; (ii) identity of custodians; (iii) date ranges for which potentially relevant data will be drawn; (iv) locations of data; (v) timing of productions (including phased discovery or rolling productions); and (vi) electronically stored information in the custody or control of non-parties. To the extent the parties have reached agreements related to any of these factors, describe below:**

Relevant documents between May 2021 and the present will be produced. Discovery will not be phased.

    **c.**    *Form(s) of Production.* **The parties have discussed and agreed to the following regarding the form(s) of productions (e.g., TIFF, pdf, native, etc.):**

PDF

    **d.**    **The parties anticipate the need for judicial intervention regarding the following issues concerning production:**

The parties do not anticipate the need for judicial intervention at this time.

9993125v.1

8.    **Privileged Material.**

    a.    *Identification.*    **The parties have discussed and agreed to the following method(s) for identification (e.g., individual logging, categorical logging, etc.) and redaction of privileged documents:**

        Privileged documents will be identified in a privilege log and produced to the other side.

        _____

        _____

        _____

        _____

        _____

    b.    *Inadvertent Production / Claw-Back Agreements.*  **Pursuant to Fed R. Civ. Proc. 26(b)(5) and F.R.E. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, non-waiver agreements or orders pursuant to F.R.E. 502(d), etc.):**

        _____

        _____

        _____

        _____

        _____

        _____

    c.    **The parties have discussed a 502(d) Order.   Yes __; No __ The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.**

    d.    **The parties anticipate the need for judicial intervention regarding the following issues concerning privileged material:**

        The parties do not anticipate the need for judicial intervention at this time.

        _____

        _____

        _____

        _____

9993125v.1

_____

**9.**     **Cost of Production.**

   **a.**     *Costs:*  **The parties have analyzed their client's data repositories and have estimated the costs associated with production of electronically stored information.   The factors and components underlying these costs are estimated as follows:**

Plaintiff(s):

_____

_____

_____

_____

_____

_____

Defendant(s):

_____

_____

_____

_____

_____

_____

   **b.**     *Cost Allocation.*  **The parties have considered cost-shifting or cost-sharing and have reached the following agreements, if any:**

_____

_____

_____

_____

_____

_____

    c.    *Cost Savings.*  **The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any:**

_____

_____

_____

_____

_____

_____

    d.    **The parties anticipate the need for judicial intervention regarding the following issues concerning the costs of production of electronically stored information:**

_____

_____

_____

_____

_____

_____

**10.**    **Other Issues, if any.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

The preceding constitutes the agreement(s) reached, and disputes existing (if any), between the parties to certain matters concerning electronic discovery as of this date.  To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

Party: _____Plaintiff_____     By: _____Daniel Zemel_____

Party: _____Defendant_____     By: _____Matthew S. Kenefick_____

Party: _____     By: _____

Party: _____     By: _____

Party: _____     By: _____

Party: _____     By: _____

The next scheduled meet-and-confer conference to address electronic discovery issues, including the status of electronic discovery and any issues or disputes that have arisen since the last conference or Order, shall take place on_____.

The next scheduled conference with the Court for purposes of updating the Court on electronic discovery issues has been scheduled for _____.

Additional conferences, or written status reports, shall be set for every ____ weeks, as determined by the parties and the Court, based on the complexity of the issues at hand.  A joint agenda should be submitted to the Court three (3) business days before such conference indicating the issues to be raised by the parties.  The parties may jointly seek to adjourn the conference with the Court no less than 48 hours

9993125v.1

in advance of the scheduled conference, if the parties agree that there are no issues requiring Court intervention.

Dated:  July 18            , 20 23            SO ORDERED:

_____

United States Magistrate Judge

9993125v.1